**Date Signed:**
**April 22, 2016**




UNITED STATES BANKRUPTCY COURT

DISTRICT OF HAWAII

| In re<br><br>NESTOR AGBAYANI FELIPE and<br>MARY ANN FELIPE,<br><br>Debtors. | Case No. 14-00544<br>Chapter 13<br><br>Re: Docket Nos. 33 and 41 |
|---|---|

## ORDER DENYING AOAO'S MOTION FOR RELIEF FROM STAY AND DEBTOR'S MOTION FOR PROTECTIVE ORDER

Creditor AOAO Parkview Village ("AOAO") moves for relief from the automatic stay to enforce its lien rights against Debtors Nestor and Mary Ann Felipe.[1] The Debtors move for an order precluding from presenting any information regarding maintenance fees, late fees, and legal fees, not disclosed as required under the Federal Rules of Bankruptcy Procedure 3002.1.[2]

Based on the written submissions, the oral arguments, and for the following

---

[1] Dkt. # 33.

[2] Dkt. # 41.

14-00544 FELIPE protective order rule 3002.1.wpd

reasons, I will DENY most of the relief requested in both motions.

**Background**

The Debtors filed their bankruptcy petition on April 22, 2014 and listed the AOAO as a creditor with a secured claim of $25,500.00 for maintenance fees. According to the Debtors' schedules, this amount consists of a prepetition arrearage of $7,500.00 and postpetition fees at $300.00 per month for the 60 month duration of the proposed chapter 13 plan.[3]

The AOAO's most recently amended Proof of Claim # 10-3 states that the amount of the AOAO's claim as of the petition date was $8,581.81. The Proof of Claim does not state the amount of maintenance fees accruing after the petition date.

The Debtors' chapter 13 plan[4] provides that the Debtors would make monthly plan payments of $575.00. From these funds, the trustee would pay $300.00 per month to the AOAO to cover the postpetition maintenance fees; an "additional provision" reiterates that "Trustee shall make Debtor's post-petition maintenance fees for the duration of the plan."[5] In addition, the AOAO would receive a portion of the remaining plan payments for application to the prepetition arrearage.

---

[3] Dkt. # 1 at 15.

[4] Dkt. # 2.

[5] This is permissible, but unusual. The chapter 13 trustee is entitled to collect a percentage fee on all moneys he disburses to creditors. Most debtors elect to make postpetition payments directly in order to avoid payment of the trustee's fee and reduce the total cost of the plan.



U.S. Bankruptcy Court - Hawaii #14-00544 Dkt # 61 Filed 04/22/16 Page 2 of 10

The AOAO did not object to the plan. The trustee pointed out, however, that the plan had to be amended to account for possible future increases in the AOAO fees.[6] Accordingly, the plan was modified to provide that the plan payments would automatically increase if the post-petition amounts due to the AOAO increased, and the court confirmed the plan as modified.[7]

The plan contained a crucial error from the inception. At the time of confirmation, the monthly postpetition payments due to the AOAO were $306.94 per month, $6.94 more than the plan allocated. Thus, the payments to the AOAO were insufficient, and the AOAO charged a monthly late fee of $10.00 to the Debtors for each month of the underpayment.

To make matters worse, the AOAO twice increased the monthly maintenance fees, at the end of both 2014 and 2015. By 2016, the fees were $351.41 per month, but the trustee was still paying only $300.00 per month because neither the Debtors nor the AOAO informed the trustee of the increases.

The AOAO sent all owners in the condominium project, including the Debtors, an package of documents for each of the AOAO's annual meetings, including budgets which showed the prospective increases in the maintenance fees.[8]

---

[6] Dkt. # 13.

[7] Dkt. # 24.

[8] Dkt. # 50 at 7, 24, 30.





U.S. Bankruptcy Court - Hawaii #14-00544 Dkt # 61 Filed 04/22/16 Page 3 of 10

When the AOAO sent a specific payment demand to the Debtors for the increased postpetition fees, the Debtors' attorney claimed that the AOAO had violated the automatic stay, so the AOAO stopped sending further notices.[9]

On February 3, 2016, the AOAO filed its Motion for Relief from the Automatic Stay. The AOAO alleged that the Debtors accrued a postpetition delinquency (including monthly maintenance fees, late fees, attorneys' fees and costs, and a "parking stall clean-up charge") of approximately $2,625.19.[10]

On February 26, 2016, prior to the final hearing on the stay relief motion, the Debtors filed the Motion for Protective Order. The Debtors argue that Fed. R. Bankr. P. 3002.1 required the AOAO to file notices of payment changes, that the AOAO failed to do so, and that the court should sanction the AOAO.

**Standard**

Federal Rule of Bankruptcy Procedure 3002.1 "applies in a chapter 13 case to claims that are (1) secured by a security interest in the debtor's principal residence, and (2) provided for under §1322(b)(5) of the Code in the debtor's plan."[11] Rule 3002.1 requires the holder of such a claim to "file and serve on the debtor, debtor's counsel,

---

[9] *Id.* at 22-23.

[10] The AOAO's motion initially claimed that the postpetition arrearage was larger, *id.* at 6, but the Debtors' opposition to the motion pointed out that the AOAO had applied too much of the plan payments to the prepetition arrears, and the AOAO agreed. Dkt. # 39 at 3.

[11] Fed. R. Bankr. P. 3002.1(a).





U.S. Bankruptcy Court - Hawaii #14-00544 Dkt # 61 Filed 04/22/16 Page 4 of 10

and the trustee a notice of any change in payment amount . . . no later than 21 days before a payment in the new amount is due."[12] The holder of a claim must also file and serve "a notice itemizing all fees, expenses, or charges (1) that were incurred in connection with the claim after the bankruptcy case was filed, and (2) that the holder asserts are recoverable against the debtor or against the debtor's principal residence. The notice shall be served within 180 days after the date on which the fees, expenses, or charges are incurred."[13] If the claimant fails to give the required notice, the court may "(1) preclude the holder from presenting the omitted information, in any form, as evidence in any contested matter or adversary proceeding in the case, unless the court determines that the failure was substantially justified or is harmless; or (2) award other appropriate relief, including reasonable expenses and attorney's fees caused by the failure."[14]

Section 1322(b)(5) of the Bankruptcy Code states that a chapter 13 plan may provide for "the curing of any default within a reasonable time and maintenance of payments while the case is pending on any . . . secured claim on which the last payment is due after the date on which the final payment under the plan is due."[15]

---

[12] Fed. R. Bankr. P. 3002.1(b).

[13] Fed. R. Bankr. P. 3002.1(c).

[14] Fed. R. Bankr. P. 3002.1(i).

[15] 11 U.S.C. § 1322(b)(5).





U.S. Bankruptcy Court - Hawaii #14-00544 Dkt # 61 Filed 04/22/16 Page 5 of 10

## Discussion

Better communication would have avoided this entire dispute.[16] If the Debtors and their counsel had given the trustee (via the plan) the correct amount of the postpetition payments to the AOAO, or if the AOAO had objected to the incorrect figure in the proposed plan, the trustee would have paid the correct amount at the inception and the AOAO's postpetition arrears would have been substantially smaller. If the AOAO or the Debtors told the trustee that the postpetition payments had increased, someone probably would have taken appropriate action. Compliance with rule 3002.1 likely would have had the same effect. But none of those things happened, so the AOAO and the Debtor both seek extreme remedies against each other.

The AOAO argues that rule 3002.1 applies only to mortgage creditors, not condominium associations. I disagree. While it is true that the 2011 Advisory Committee Notes discuss the rule's application to mortgage creditors, the language of rule 3002.1 prevails over that of the notes. The plain language of the rule does not support the distinction that the AOAO advocates. The advisory committee's reference to mortgagees probably stems from the fact that most of the problems the rule addresses arose from mortgage debts. Further, applying the rule to condominium associations is consistent with the evident purpose of the rule, which is to allow the

---

[16] *Cf.* Cool Hand Luke (Warner Bros.- Seven Arts 1967) ("What we've got here is failure to communicate.")





U.S. Bankruptcy Court - Hawaii #14-00544 Dkt # 61 Filed 04/22/16 Page 6 of 10

trustee and the parties to monitor the chapter 13 debtor's performance under the plan and avoid surprises which could result in plan failure. Compliance with rule 3002.1 also benefits secured creditors, like the AOAO, because it permits them to communicate with debtors about postpetition payments without violating the automatic stay. Finally, because postpetition condominium fees are generally not dischargeable,[17] debtors benefit from timely notice of payment changes.

Rule 3002.1 applies to a creditor with a claim that is (1) secured by a security interest in the debtor's principal residence, and (2) provided for under section 1322(b)(5) in the debtor's plan.

There is no doubt that the AOAO's claims are secured by a security interest in the Debtors' residence.

The Debtors' plan provides for the AOAO's claim under section 1322(b)(5). That section applies to "any . . . secured claim on which the last payment is due after the date on which the final payment under the plan is due." The Debtors will owe monthly payments to the AOAO as long as they own the condominium unit. Because the Debtors' plan does not contemplate a sale of their residence, the Debtors must continue paying maintenance fees that accrue after the plan is completed. Thus, section 1322(b)(5) and rule 3002.1 apply.

The AOAO argues that the only claim to which rule 3002.1 might apply is its

---

[17] 11 U.S.C. § 523(a)(16).





U.S. Bankruptcy Court - Hawaii #14-00544 Dkt # 61 Filed 04/22/16 Page 7 of 10

claim for the prepetition arrears, not the postpetition maintenance fees. But the Bankruptcy Code treats postpetition condominium fees as "claims," at least for certain purposes,[18] and the language of rule 3002.1 does not distinguish between prepetition and postpetition payments to condominium associations.

Therefore, I conclude that rule 3002.1 applies to the AOAO. The AOAO acknowledges that it did not give the notices that the rule requires.

Rule 3002.1 gives the court discretion to impose or not impose any sanction and to choose among sanctions. I will not preclude the AOAO from presenting the evidence of the increased fees. Imposition of the harshest sanction is unwarranted because the rule is not free from ambiguity and has not been applied to condominium associations in this district or in a reported case in any district. Also, that remedy would not fully protect the Debtors. The rule permits me to preclude the presentation of evidence in the bankruptcy court, but not in other courts. Because the postpetition fees are not dischargeable, the AOAO could present the same evidence in another court (after the automatic stay terminates) even if I entered a preclusion order.

The rule also permits me to "award other appropriate relief, including reasonable expenses and attorneys' fees caused by the failure" to comply with rule 3002.1. In determining what relief is appropriate, I note that the Debtors and their

---

[18] Section 523(a)(16) provides that a "debt" for certain postpetition condominium fees is not dischargeable. Because "'debt' means liability on a claim," 11 U.S.C. § 101(12), such fees must be "claims."



14-00544 FELIPE protective order rule 3002.1.wpd

counsel partly caused the current dispute by (a) listing in the plan an incorrect amount of the postpetition amounts owed to the AOAO, (b) ignoring the AOAO's communications about changes in the AOAO's fees, (c) employing the automatic stay to prevent the AOAO from communicating changes in the postpetition fees, and (d) failing to increase their plan payments as the confirmed plan requires.

The following relief is appropriate in the circumstances of this case:

1. The postpetition increases in the monthly fees owed by the Debtors to the AOAO are valid and binding.

2. Neither the AOAO nor the Debtors shall be entitled to recover attorneys' fees or costs from the other for work done on the AOAO's motion for relief from the stay or the Debtors' motion for protective order.

3. The AOAO shall be entitled to charge the $10.00 monthly late fee from the petition date to the date of the first increase in the monthly payment, but shall not be entitled to charge late fees on the payments due from that date until the payment due in June 2016.

4. The Debtors shall immediately increase their monthly payments to the trustee by an amount sufficient to (a) pay the increased monthly amount owed to the AOAO and (b) amortize, over the remaining duration of the plan, the prepetition and postpetition arrearages currently owed to the AOAO, including late fees to the extent allowed herein and other charges, but not including any attorneys' fees disallowed

herein. The Debtors shall consult with the trustee and the AOAO to confirm the amount of the increase.

5. The automatic stay is lifted to permit the AOAO to (a) consult with the Debtor as set forth in the preceding paragraph and (b) give the Debtors notice of prepetition and postpetition amounts owed to the AOAO, but not demands for payment of such amounts.

6. The AOAO's motion for relief from the stay and the Debtor's motion for protective order are both DENIED except for the relief granted in this order.

END OF ORDER